IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:12-mj-1460-LTW |
| JOSH ENSLEY, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Josh Ensley's ("Defendant") Appeal of Detention Order Issued by Magistrate Judge [11].

## I.   BACKGROUND

On October 25, 2012, Defendant was arrested after Magistrate Judge Linda T. Walker found probable cause existed to believe Defendant committed the offenses of possession and production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2252(a).  The Government moved to detain Defendant without bail on the grounds that: (i) there is a rebuttable presumption of detention without bail pursuant to 18 U.S.C. § 3142(e) based on the probable cause determination that a violation of 18 U.S.C. § 2252 occurred; (ii) the offenses involve a crime of violence pursuant to 18 U.S.C. § 3156; (iii) there is a serious

risk Defendant will flee; and, (iv) there are no conditions of release that will reasonably ensure Defendant's appearance at trial or the safety of any other person and the community [4].

On October 31, 2012, a detention hearing was held before Magistrate Judge Walker where she granted the Government's Motion for Detention after finding that there was probable cause to believe Defendant committed the offenses and he should be held without bail because he represents a serious risk of danger to the community [9].  At the conclusion of the hearing, Magistrate Judge Walker told the parties that her written order would follow with her specific findings.

On November 2, 2012, Magistrate Judge Walker issued her Order of Detention Pending Trial [10].  Magistrate Judge Walker found Defendant should be detained pending trial because the Government established by clear and convincing evidence that Defendant poses a serious risk to the safety of another person or the community because he

> allegedly admitted ordering and receiving child pornography for his sexual gratification.  Defendant also allegedly admitted placing recording devices in bathrooms in a school where he worked in order to capture images of the private parts of boys and girls.  Defendant may have been videotaping adults engaging in sexual activity and disrobing [without] their knowledge.

(Order of Detention Pending Trial at 1).[1]

On November 6, 2012, Defendant moved to revoke the detention order, requested a hearing before this Court, and sought an order releasing him on bond with conditions [11].

---

[1] At the hearing, the Magistrate Judge found a serious risk of danger to the community because:

> . . . Defendant simply cannot rebut the presumption of detention with regard to the safety of the community.
>
> The Court finds based on the strength of the evidence the Government has against the Defendant, the Court's concern regarding the child pornography, the actions Defendant took watching the child pornography which was listed in the Complaint, though not directly mentioned in Court, also with regard to the filming of the young people — I don't know how close he is or he lives [sic] to schools or religious institutions, things of that nature — I am concerned, even with the GPS, with him leaving the house to go shopping or something for the mother what conduct he may engage in.
>
> He does seem, based on information provided to the Court, seems to have an unusual interest in young people, boys and young girls, and it does appear that he has some type of — he obtains some type of sexual gratification from viewing children, particularly their private parts.
>
> So the Court finds for these and a number of other reasons that there is no conditions that would assure the safety of the community if the Defendant is released so the Court is going to detain him.

(Tr. of Hr'g at 30:1-31:21).

## II. STANDARD OF REVIEW

A person ordered detained by a magistrate may seek prompt review of the detention order in district court. 18 U.S.C. § 3145(b). The district court's review of the magistrate judge's findings and conclusions is *de novo*. See United States v. Jeffries, 679 F. Supp. 1114, 1115 (M.D. Ga. 1987) (citing United States v. Gaviria, 828 F.2d 667, 670 (11th Cir. 1987)); see also United States v. Hurtado, 779 F.2d 1467, 1481 (11th Cir. 1985). In conducting this *de novo* review, a hearing is not required and the district court may rely entirely on the pleadings and the evidence developed at the magistrate's detention hearing, or it may conclude that additional evidence is necessary and conduct its own evidentiary hearing. United States v. King, 849 F.2d 485, 490 (11th Cir. 1988).[2]

## III. DISCUSSION

### A. The Bail Reform Act

The Bail Reform Act, 18 U.S.C. § 3142, governs the release and detention of defendants awaiting trial. While there is a general presumption in favor of

---

[2] The Court has carefully reviewed Defendant's motion, the detention order, and the transcript of the hearing before the Magistrate Judge. The Court finds that there are no factual issues to resolve and no additional evidence is necessary to decide the issues before the Court. Accordingly, the Court finds a hearing is not necessary to aid the Court in its independent review of the Magistrate Judge's Order of Detention Pending Trial. See King, 849 F.2d at 490, 490 n.6.

releasing defendants on bond pending trial, for certain offenses the presumption is against release. See 18 U.S.C. § 3142(e). Section 3142(e) states:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense involving a minor victim under section 2251, . . . 2252(a)(1), 2252(a)(2), 2252(a)(3) . . . of [Title 18 of the United States Code].

18 U.S.C. § 3142(e)(3)(E). The presumption against release is triggered once a magistrate judge finds probable cause to believe a defendant committed the offenses with which he is accused of committing. See United States v. Medina, 775 F.2d 1398, 1400 (11th Cir. 1985).

If the statutory presumption against release applies, a defendant is required to meet a burden of production to rebut it, which, if met, shifts to the government the burden of persuasion concerning the defendant's risk of flight and dangerousness to the community. United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990) (citing Hurtado, 779 F.2d at 1479). If a defendant successfully rebuts the statutory presumption that he is a flight risk and danger to the community, "the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relative to factors listed in Section 3142(g).'" Id. (quoting King, 849 F.2d at 488). The

5

government bears the burden of establishing that the defendant should be detained, either by a preponderance of the evidence that the defendant poses a high risk of flight, or by clear and convincing evidence that the defendant constitutes a danger to certain individuals and to the community. Id. at 917.

B.  The Rebuttable Presumption under Section 3142(e)

Magistrate Judge Walker's finding that probable cause existed to believe Defendant committed the offenses of possession and production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2252(a) raises the rebuttable presumption against release. See Medina, 775 F.2d at 1400. Defendant proffers the following evidence to rebut the statutory presumption against release: (1) he is a lifelong resident of the metropolitan Atlanta area; (2) he currently lives with and cares for his elderly, legally-blind mother in Tucker, Georgia, in the home where he and his siblings were raised; (3) he has been gainfully employed since finishing his high school general equivalency degree; (4) he has no criminal record; (5) he was cooperative with the agents that executed the search warrant at his house; and, (6) his mother is willing to pledge two pieces of property she owns for bond in order to show he is not a danger of flight. (Def.'s Appeal of Detention Order Issued by Magistrate Judge at 2-3; Tr. of Hr'g at 12:10-11, 15:7-8, 21:8-9). Defendant concedes that there are legitimate questions about the danger Defendant

presents to the community, but argues that there are conditions of release that can be imposed to address the danger to the community that Defendant may present. (Tr. of Hr'g at 22-23). Defendant argues that electronic GPS monitoring, computer software that monitors electronic devices he has access to, a complete prohibition on possession of electronic devices, and his consent to a search of his person and residence at any time are sufficient to address the danger presented. (Def.'s Appeal of Detention Order Issued by Magistrate Judge at 2-3; Tr. of Hr'g at 22:17-24:11, 29:18-30:7).

The Government argues that Defendant's actions when confronted by investigating officers show that the danger posed is real, including because he intentionally withheld that he had, for five years, been secretly recording the activity of children in the bathrooms of the school where he worked. (Tr. of Hr'g at 18-19). These admissions were made only when confronted with evidence that he was making the secret recordings and which discredited his minimization of the scope of his bathroom videoing activity. (Id.). The Government also argues that the majority of Defendant's proposed conditions are already mandated by the Adam Walsh Act, even if bond is granted. (Id. at 24:17-25:1). To the extent Defendant suggested that he is a full-time caregiver for his mother, the Government points out that Defendant, at the time of his arrest, worked at a full-

time job, spent significant time on his computer while at home, and did not perform the caretaking duties he now suggests are required of him.  (Id. at 27:6-18).

The Government argues that Defendant is a person with a seemingly irrepressible interest in children and thus presents a danger to the community.  The Government points out that Defendant: (1) has an interest in young boys ages eight (8) to fourteen (14); (2) spent $1300 on one child pornography website in a year-and-half period; (3) employed hidden cameras to videotape young boys and girls in the bathrooms at the school where he worked for his own sexual gratification; (4) was evasive in his initial answers to questions by the agents who executed the search warrant and admitted, only when confronted, that his criminal conduct was more extensive than he first indicated; and, (5) exploited his employment position at a school to produce child pornography.  (Id. at 25:2-26:10).  The Government asserts that the evidence of Defendant's guilt is strong and, in assessing his dangerousness to the community, the Court should consider the potential mandatory minimum sentence of fifteen (15) years for the production of child pornography.  (Id. at 26:11-27:1).  The Government concludes that allowing Defendant the opportunity to engage the community, even if in a manner more restricted than other citizens, including by allowing him to attend medical or legal

appointments while released, will allow him to access children and access places where he could invade their privacy, which supports that he would be a danger within the community. (Id. at 27:19-28:3).

    C.    Analysis

The Court, having conducted its *de novo* review, first finds that Defendant has produced sufficient evidence, albeit barely, to rebut the statutory presumption of detention that arises under 18 U.S.C. § 3142(e).

Even though the Court finds that Defendant rebutted the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relative to factors listed in Section 3142(g)." King, 849 F.2d at 488. The Court thus turns to determining whether "there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). In weighing whether release should be allowed under conditions, the Court should consider:

    (1)    The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim . . .;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including—

>    (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>    (B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an arrest under Federal, State, or local law; and
>
> (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Id.  The Eleventh Circuit has "observed that it was Congress's intent that the 'safety of any other person' include the defendant's level of dangerousness to any identifiable individual, notably a victim or witness." United States v. Norris, 188 F. App'x 822, 829 (11th Cir. 2006) (citing King, 849 F.2d at 487 n.2).

Applying these factors, the Court finds, as did the Magistrate Judge, that the Government has shown by clear and convincing evidence that Defendant poses a serious risk of danger to the community. See King, 849 F.2d at 488.[3]  Defendant is

---

[3] The Court notes that the Magistrate Judge did not find that Defendant posed a serious risk of flight in her Order of Detention Pending Trial.  The Court limits its *de novo* review to her legal conclusion that Defendant poses a serious risk to the safety of another person or the community.  See King, 849 F.2d at 490.  However, the Court notes that Defendant is aware of the serious charges against him, there is strong evidence against Defendant, the charges against him carry a substantial term of imprisonment, and, based on these facts, there is ample support in the record for the conclusion that Defendant also poses a serious risk of not appearing for trial if

accused of secretly videotaping young boys and girls in the bathrooms at the school where he worked and that he has done so for years. The nature and circumstances of the offenses charged, and that they involved young children, are grossly troubling. See United States v. Bivins, Criminal Action No. 7:11-cr-19 (HL), 2011 WL 2182239, at *2 (M.D. Ga. June 3, 2011) ("By including the crimes involving minor victims in the statutory language of § 3142(g) Congress has shown that is considers [child pornography crimes] to be significant in terms of dangerousness."). The weight of the evidence against Defendant is significant because he also allegedly, and reluctantly, admitted to this conduct when confronted.

    The history and characteristics Defendant argues to support his release pending trial do not demonstrate that he is not a risk to others, especially children, even if conditions are imposed. Defendant is accused of serious offenses against minors, especially children who attended the school in which he was entrusted with his work duties. The weight of the evidence against Defendant is strong and shows that he would pose a continuing risk of harm and danger to his victims and the community if released. The Court, having conducted its *de novo* review, finds clear and convincing evidence that Defendant is a danger to the community, there

---

released. See id. at 488 (pretrial detention may be based on either a risk of flight or dangerousness).

are inadequate conditions to address this risk, and the balance of the § 1342(g) factors weigh in favor of detention. The Court also finds that his release poses a significant risk of the further exploitation of the children and adults he is accused of videotaping based on the potential distribution of the images and videos he allegedly took of them and to which he may still have access.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Appeal of Detention Order Issued by Magistrate Judge [11] is **DENIED.**


**SO ORDERED** this 8th day of November, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE